UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00550-MOC
(3:17-cr-00241-MOC-DCK-1)

| | |
|---|---|
| MICHAEL JEROME WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

## I.  BACKGROUND

On August 15, 2017, Pro Se Petitioner Michael Jerome Williams ("Petitioner") was charged in a Bill of Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:17-cr-00241-MOC-DCK ("CR"), Doc. 1: Bill of Indictment]. On November 2, 2017, a Factual Basis for the charge was filed. [CR Doc. 12: Factual Basis]. On November 6, 2017, Petitioner pleaded guilty to this charge without a written plea agreement. [CR Doc. 13: Acceptance and Entry of Guilty Plea].

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See CR Doc. 13]. Under oath, Petitioner told the Court that he received a copy of the indictment and discussed it with his attorney. [Id. at ¶ 8]. Petitioner also testified that he fully understood the charge against him and that he was, in fact, guilty of this charge. [Id. at ¶¶ 9, 24].

On February 27, 2018, the Court sentenced Petitioner to a term of 57 months' imprisonment. [CR Doc. 23 at 2: Judgment]. Judgment was entered on March 13, 2018. [Id.]. Petitioner did not file a direct appeal from this judgment. Petitioner's conviction, therefore, became final for purposes of his Section 2255 motion on March 27, 2018, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). On October 18, 2019, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, citing as grounds the recent Supreme Court decision Rehaif v. United States, 139 S. Ct. 2191 (2019). [Doc. 1].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner raises one claim in his motion to vacate. He argues, under Rehaif v. United States, that "the burden is on the Federal Government to prove under Federal law that [Petitioner is] a person(s) barred from being able to possess a firearm." [Doc. 1 at 4; see id. at 9]. Petitioner states that his motion is timely because, "due to recently discovered evidence and case law, a person must know that they are a person barred from purchasing and possessing a firearm." [Id. at 10].

In Rehaif v. United States, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. 2191, 2195 (2019). The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must

prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The holding in Rehaif does not apply to the facts of the instant case. There was no trial in Petitioner's case; Petitioner pleaded guilty to the § 922(g) charge he now challenges. The burden of proof of the Government, therefore, is not relevant. Rather, Petitioner was charged with "knowingly and unlawfully" possessing a firearm in and affecting commerce "having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year." [CR Doc. 1 at 1]. He pleaded guilty to this charge "straight up," without a plea agreement, and confirmed at his plea hearing that he was, in fact, guilty of this charge. [CR Doc. 13 at ¶ 24]. Petitioner does not contend that he did not know that he possessed the firearm or that he did not know that he was a felon, in any event. Rehaif simply does not apply.

Additionally, Rehaif did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Further, the Supreme Court did not make Rehaif retroactive to cases on collateral review. Id.; In re Wright, --- F.3d ---, 2019 WL 5800218, at *2 (11th Cir. Nov. 7, 2019). As such, Petitioner's claim must have been brought within one year of his conviction becoming final, which in this case occurred on March 27, 2018. See 28 U.S.C. § 2255(3). Petitioner did not file his Section 2255 motion until October 18, 2019, well past the expiration of the one-year limitations period. Petitioner's claim under Rehaif is, therefore, both meritless and time barred.

The Court, therefore, denies and dismisses Petitioner's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 3, 2019

Max O. Cogburn Jr
United States District Judge