UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-241-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MICHAEL JEROME WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 28), and on Defendant's Motion to Appoint Counsel, (Doc. No. 30). The Government opposes the motion based in part based on Defendant's failure to exhaust administrative remedies.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, because Defendant has failed to show he exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 28), is **DENIED**. Furthermore, Defendant's Motion to

1

Appoint Counsel, (Doc. No. 30), is also **DENIED**, as he has no constitutional right to counsel on a motion for reduction in sentence.

Signed: January 6, 2021

Max O. Cogburn Jr
United States District Judge